CLIFTON JORDAN, PROSECUTOR, v. BOROUGH OF DU-
MONT, COUNTY OF BERGEN, AND I. B. MILLER, IN-
CORPORATED, DEFENDANTS.

Decided March 17, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *J. Emil Walscheid.*

For the defendant borough of Dumont, *Frederick W. Mat-
tocks.*

PER CURIAM.

A writ of *certiorari* was sued out of the Supreme Court,
to bring up for review a certain resolution awarding a con-
tract for the construction of an eight-inch reinforced concrete
pavement with integral curb and other improvements on New
Milford avenue, in the borough of Dumont, to I. B. Miller,
Incorporated, a corporation. The matter is now here for re-
view.

Section 4 of the ordinance under which the proposed im-
provement is to be made, provides: "That the aforesaid im-
provement shall be made as a 'local improvement' and the
damages sustained by and the benefits conferred upon the
lands affected by said improvement shall be assessed in ac-
cordance with the provisions of the statute in such case made
and provided."

For the borough it is contended that the prosecutor has no
interest in the improvement and has no legal right to prose-
cute the writ in this case.

For the prosecutor it is contended that the court will indulge in a presumption on a final hearing of a writ of *certiorari,* that the prosecutor is a taxpayer owning property on the line of the improvement and is affected by the proposed improvement without any proof to that effect, and relies upon the cases of *Lantry* v. *Sage,* 69 *N. J. L.* 560; *Rehill* v. *East Newark and Jersey City,* 73 *Id.* 220; *O'Brien* v. *Public Utility Board,* 92 *Id.* 44; *affirmed, Ibid.* 587, as supporting his contention.

In the cited cases it appears, however, there was testimony taken and no objection seems to have been made to the legal status of the prosecutors until the cases came on for a hearing. In the present case there is nothing in the printed record to show that there was any testimony taken, and from aught that appears therein the writ was granted in an *ex parte* proceeding, and no hearing was had on the matter before the case came before us for determination. We think, therefore, the case *sub judice* falls within the declaration made by Chief Justice Beasley, in *West Jersey Traction Co.* v. *Camden,* 58 *N. J. L.* 362, who, speaking for the Court of Errors and Appeals (at *pp.* 364, 365), said: "When a judge is called upon in a proceeding *ex parte* to allow a *certiorari,* he must be reasonably assured of two things—*first,* that there is some illegality to be complained of, and *second,* that the party seeking the remedy is entitled to it, but the *allocatur* no more adjudges the one fact than the other. By force of our rule of court such assurance is required to be made by an affidavit, but such oath has no semblance of juridical testimony. The rules of testimony do not apply to it and it is used against the party who has no knowledge of its existence. Such a basis as this is incapable of supporting anything in the nature of a judicial decision; all that it lays the ground for is that the judicial officer resting his opinion upon it may say that there is presented to him a matter that it is proper to put in the course of legal inquiry. The allowance of the writ can have no greater force than that; it can have no effect upon the trial of the issue between the litigants, for when the litigation reaches that stage the prosecutor must, if required, expressly or impliedly prove his legal *status* as the actor in the

suit. That this must be so is evident when we remember that it is the legal right of a person in the possession of any valuable thing, to be exempt from all litigation, with respect to it except such as may be waged by someone having an interest in it, and such an immunity is a valuable legal right which cannot in anywise be impaired by an *ex parte* decision founded on an *ex parte* affidavit.

There being no proof before us that the prosecutor is a taxpayer in the borough of Dumont, and no proof that the prosecutor would be assessed for any part of the improvement or that the prosecutor is the owner of any land to be affected by said improvement, either in damages sustained or benefits conferred, he is without any legal status to prosecute the writ.

The writ is dismissed, with costs.